**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

THE PROTECT DEMOCRACY PROJECT, INC.,

Plaintiff,

v.

U.S. NATIONAL SECURITY AGENCY, U.S.
DEPARTMENT OF JUSTICE, OFFICE OF THE
DIRECTOR OF NATIONAL INTELLIGENCE,

Defendants.

No. 1:17-cv-01000

---

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

In response to the Court's Minute Order of April 16, 2018, Plaintiff, The Protect Democracy Project, and Defendants, U.S. National Security Agency ("NSA"), U.S. Department of Justice ("DOJ"), and Office of the Director of National Intelligence ("ODNI"), hereby submit for the Court's consideration the following Joint Status Report.

1.  Plaintiff filed an identical FOIA request with all three Defendants.  *See* Amended Compl. ¶¶ 14 (NSA), 20 (ODNI), 27 (DOJ), ECF No. 12.  That request sought:

    1)  All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between [DEFENDANT] and the Executive Office of the President regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

    2)  All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to talking points or other communications with the public or the media regarding contacts between individuals connected with

the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

3) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between [DEFENDANT] and the House Permanent Select Committee on Intelligence (HPSCI) and/or the Senate Select Committee on Intelligence (SSCI), and/or Representative Devin Nunes, Representative Adam Schiff, Senator Richard Burr, Senator Mark Warner, and/or any other members or staff of HPSCI or SSCI, regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

4) All calendars, agendas, manifests, schedules, notes, lists of attendees, or other records reflecting or relating to meetings regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

5) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is July 1, 2016 through the date that searches are conducted for records responsive to this FOIA request.

2. On October 25, 2017, the parties submitted a Joint Status Report describing their agreed-upon narrowing of Plaintiff's request and proposing a schedule for future productions of non-exempt responsive records.

3.  On December 4, 2017, this Court issued a Minute Order establishing a schedule for productions by all three Defendant-agencies.  The Court ordered that:  NSA complete its productions of all non-exempt responsive records by May 21, 2018; DOJ complete its productions by May 2, 2018; and ODNI complete its productions by April 2, 2018.  *See* Minute Order of Dec. 4, 2017.

4.  On March 20, 2018, NSA accepted a proposal by Plaintiff to narrow the request made to that agency to:

> Any memoranda (and, as noted below, associated documents) written by senior NSA official document a conversation between White House personnel, including the President, and NSA senior officials, including Adm. Rogers, in which the White House asked the NSA to publicly dispute any suggestion of collusion between Russia and the Trump campaign. . . . [and] any records documenting or referencing any such phone call between the President (or senior advisers) and Adm. Rogers (or senior advisers).  This includes, but is not limited to, the above-referenced memoranda; any communications forwarding, responding to, or discussing that memoranda; or any other document describing any conversations in which White House officials asked NSA officials to publicly dispute the suggestion of any collusion between Russia or Russian nationals and the Trump campaign.

5.  By letter dated March 20, 2018, NSA informed Plaintiff that the fact of the existence or non-existence of the materials requested in this seconded amended request is protected from disclosure by Exemption 3 of the FOIA.  NSA has now completed processing of Plaintiff's second narrowed request.

6.  On April 11, 2018, ODNI completed all productions of non-exempt responsive records.  ODNI produced 7 responsive pages on December 20, 2018; 5 pages on January 20, 2018; 16 pages on February 20, 2018; and 108 pages on April 11, 2018.  ODNI has now completed processing of Plaintiff's narrowed request.

7.  On April 13, 2018, Plaintiff filed a motion for summary judgment against NSA.  *See* ECF No. 18.  On April 16, 2018, the Court denied Plaintiff's motion without prejudice and ordered that the parties file the instant joint status report.  *See* Minute Order of April 16, 2018.

**Defendants' Statement**

8. Like the Court, Defendants were "not given any indication that Plaintiff intended to file" the motion for summary judgment dismissed by this Court.  Minute Order of April 16, 2018.

9. Since the Court's December 4, 2017, Minute Order, DOJ has conducted a responsiveness review of multiple thousands of potentially responsive items. Specifically, the agency has informed Plaintiff in a series of response letters that it has reviewed and determined to be nonresponsive 13,500 potentially responsive items, with the most recent response letter being issued on March 20, 2018.

10. Because DOJ has discovered more potentially responsive records than originally anticipated in the Joint Status Report of October 25, 2017 – when the parties jointly proposed the production schedule currently in place – the agency requires an additional four months to complete its productions of all non-exempt responsive records.  It therefore asks that this Court order that it complete production on Plaintiff's second narrowed request by September 2, 2018. The agency further requests that the Court order the parties to submit a Joint Status Report with a proposed briefing schedule within thirty days of DOJ's final production.

11. DOJ does not believe bifurcated briefing is appropriate in this case.  Bifurcated briefing is not the typical practice for FOIA cases, and the Government can discern no legitimate reason to depart from that practice in this case. *Cf.* Minute Order of April 16, 2018 (indicating that the Court is "strongly disinclined to resolve portions of this Freedom of Information Act case on a piecemeal basis prior to completion of all processing and production.").

12. In this case, all remaining processing of Plaintiff's requests will be complete within four months, at which time all claims against or defenses of all three Defendants will be ripe for the Court's adjudication.  It is highly unlikely that bifurcated briefing will be completed, and that

this Court will rule on the issues briefed, in the few months before the last remaining agency completes its processing of Plaintiff's request. Furthermore, this is a case that will benefit from streamlined adjudication; indeed, it was for that reason that Plaintiff chose to amend its original Complaint to join ODNI and DOJ to this action. *See* ECF No. 11 (Pl. Mot. to Amend) at 1. DOJ thus requests that the Court allow it to complete processing of Plaintiff's request before briefing all counts together.

**Plaintiff's Statement**

13. The FOIA requests at issue in this case were submitted more than a year ago. Over 11 months ago, multiple media outlets published articles indicating that the President contacted the Director of National Intelligence and Director of the National Security Agency to ask them to publicly undermine the FBI's ongoing Russia investigation by denying the existence of any collusion between Russia and the Trump Campaign. According to that reporting, senior NSA officials were so concerned about the President's unusual and inappropriate requests, they documented it in a contemporaneous memorandum ("Memorandum").

14. That Memorandum, if it exists, is plainly responsive to Plaintiff's then-pending FOIA request.

15. Under the production schedule later approved by this Court, the NSA began to review and process documents responsive to Plaintiff's FOIA request on a rolling basis. As of January 19, 2018, the NSA produced only a single page of redacted records to requester.

16. In an effort to streamline and expedite the NSA production schedule, Plaintiff proposed to limit NSA's search and production obligation to the above-mentioned Memorandum concerning the President's outreach to Admiral Rogers, and any associated documents forwarding or discussing that Memorandum.

17. Two months later, the NSA accepted Plaintiff's narrowing proposal and asserted a *Glomar* response that refused to confirm or deny whether the Memorandum exists. NSA's transmittal letter made clear that, in light of its *Glomar* response, it would not be producing a *Vaughn* Index. Thus, NSA's search and production of materials in this case is now complete.

18. While Plaintiff recognizes that this Court disfavors bifurcated briefing in FOIA cases, Plaintiff believes that this is the rare case where bifurcation is appropriate.  The question of whether the NSA properly asserted a *Glomar* response can be adjudicated separately from whatever issues remain to be adjudicated with respect to ODNI and DOJ (such as whether those agencies conducted adequate searches and whether they properly withheld documents pursuant to FOIA's exemptions). The NSA's *Glomar* response is fully ripe for adjudication, represents its complete response to the (narrowed) FOIA request at issue here, presents a pure question of law, and is based on a statute that applies only to NSA. Moreover, considering that issue now will not risk any duplication of efforts by the Court or the parties.

19. On the contrary, Plaintiff believes that resolving the *Glomar* issue now will in fact enhance judicial economy. If Plaintiff prevails on its challenge to the *Glomar* assertion, the next logical step in the litigation would be for NSA to claim any substantive exemptions over those records and produce a *Vaughn* Index. That Index could be produced on the same (or similar) schedule as the Government is now proposing for DOJ and ODNI and could be considered by this Court in any subsequent summary judgment briefing.

20. If, on the contrary, this Court affirms the NSA *Glomar* assertion, that will be the end of the case in this Court from the NSA's perspective. No efforts of the Court or the parties will have been wasted.

21. Bifurcation is additionally appropriate in light of the Government's proposal to modify the existing schedule. The Government now asks this court for an additional four months for DOJ to complete review and initial production of the responsive records. Under that proposal, the parties would not even suggest a briefing schedule to the court until October 2018, even though all parties agree that the NSA's production was complete as of March 20. Presumably, the Government will request a substantial amount of time to complete the *Vaughn* Indices for the ODNI and DOJ, meaning that it would not be ready to brief the fully ripe NSA issues until sometime near the end of the year, at the earliest.

22. Should the Court deny Plaintiff's request to bifurcate the NSA *Glomar* issue, Plaintiff objects to allowing DOJ an additional four months to complete its review and initial production. DOJ has already had more than a year to process this request, and the additional time requested by the Government is not reasonable, particularly given that its review is delaying the resolution of other important issues in this case.

23. Plaintiff understands and appreciates the Court's desire not to engage in piecemeal litigation. However, the issue presented by the NSA FOIA request is an exceptionally important and timely issue about which the public has a compelling right to know. Plaintiff believes that the NSA's invocation of *Glomar* was legally impermissible, and that it should not have to wait many months more to resolve that question of law before this Court.

Respectfully submitted this 30th day of April, 2018,

*/s/ Michael Patrick Abate*
MICHAEL PATRICK ABATE
Kaplan Johnson Abate & Bird LLP
710 West Main Street, 4th Floor
Louisville, KY 40201
Tel: (502) 540-8280 | Fax: (502) 540-8282
mabate@kaplanjohnsonlaw.com

BENJAMIN LEON BERWICK
The Protect Democracy Project
10 Ware St.
Cambridge, MA 02138
(202) 599-0466
ben.berwick@protectdemocracy.org


*Counsel for Plaintiff*

CHAD A. READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Anjali Motgi (w/ permission)*
ANJALI MOTGI
Trial Attorney (TX Bar No. 24092864)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: (202) 305-0879 | Fax: (202) 616-8470
Anjali.Motgi@usdoj.gov

*Counsel for Defendants*