# Exhibit A

⊕ 04/21/2017 2:04 PM                19297778428                    → 14434793612                                    D 1

2020 Pennsylvania Ave NW
#163
Washington, DC 20006
Fax: (929) 777-8428
INFO@protectdemocracy.org



# FAX

To Whom It May Concern:

Please see the enclosed fax transmission from The Protect Democracy Project. If you have questions about the contents of the fax, please contact us at INFO@protectdemocracy.org or via phone at (202) 599-0466.

We appreciate your prompt attention to this matter, and look forward to hearing from you soon.

Sincerely,



Ian Bassin
Protect Democracy Project

# The **Protect - Democracy** Project ▬▬▬

April 21, 2017

National Security Agency
Attn: FOIA/PA Office
9800 Savage Road, Suite 6932
Ft. George G. Meade, MD 20755-6932
Fax: 443-479-3612

Re: Freedom of Information Act request for communications regarding Russian interference with 2016 election

To Whom It May Concern:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, The Protect Democracy Project hereby requests that your office produce within 20 business days the following records (see below for clarity on the types of records sought):

1) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the National Security Agency and the Executive Office of the President regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

2) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to talking points or other communications with the public or the media regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

3) All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the National Security Agency and the House Permanent Select Committee on Intelligence (HPSCI) and/or the Senate Select Committee on Intelligence (SSCI), and/or Representative Devin Nunes, Representative Adam Schiff, Senator Richard Burr, Senator Mark Warner, and/or any other members or staff of HPSCI or SSCI, regarding contacts between individuals connected with the Russian government

2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006
ben.berwick@protectdemocracy.org

and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

4) All calendars, agendas, manifests, schedules, notes, lists of attendees, or other records reflecting or relating to meetings regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016.

5) In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is July 1, 2016 through the date that searches are conducted for records responsive to this FOIA request.

## FEE WAIVER

FOIA provides that any fees associated with a request are waived if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The core mission of The Protect Democracy Project, a new organization awaiting 501(c)(3) status, is to inform public understanding on operations and activities of the government. This request is submitted in consort with the organization's mission to gather and disseminate information that is likely to contribute significantly to the public understanding of executive branch operations and activities. The Protect Democracy Project has no commercial interests.

In addition to satisfying the requirements for a waiver of fees associated with the search and processing of records, The Protect Democracy Project is entitled to a waiver of all fees except "reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). Federal law mandates that fees be limited to document duplication costs for any requester that qualifies as a representative of the news media. *Id.* The Protect Democracy Project operates in the tradition of 501(c)(3) good government organizations that qualify under FOIA as "news media organizations." Like those organizations, the purpose of The Protect Democracy Project is to "gather information of potential interest to a segment of the public, use its editorial skills to turn the raw materials into distinct work, and distribute that work to an audience." *Nat's Sec. Archive*

*v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). We intend to give the public access to documents transmitted via FOIA on our website, www.unitedtoprotectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

### RESPONSIVE RECORDS

We ask that all types of records and all record systems be searched to discover records responsive to our request. We seek records in all media and formats. This includes, but is not limited to: agendas, manifests, calendars, schedules, notes, and any prepared documentation for meetings, calls, teleconferences, or other discussions responsive to our request; voicemails; e-mails; e-mail attachments; talking points; faxes; training documents and guides; tables of contents and contents of binders; documents pertaining to instruction and coordination of couriers; and any other materials. However, you need not produce press clippings and news articles that are unaccompanied by any commentary (e.g., an email forwarding a news article with no additional commentary in the email thread).

We ask that you search for records from all components of the NSA that may be reasonably likely to produce responsive results. We also ask that you search all systems of record, including electronic and paper, in use at your agency, as well as files or emails in the personal custody of your employees, such as personal email accounts, as required by FOIA and to the extent that they are reasonably likely to contain responsive records. The Protect Democracy Project would prefer records in electronic format, saved as PDF documents, and transmitted via email or CD-rom.

If you make a determination that any responsive record, or any segment within a record, is exempt from disclosure, we ask that you provide an index of those records at the time you transmit all other responsive records. In the index, please include a description of the record and the reason for exclusion with respect to each individual exempt record or exempt portion of a record, as provided by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). When you deem a portion of a record exempt, we ask that the remainder of the record to be provided, as required by 5 U.S.C. § 552(b).

Given the 20-day statutory deadline, we hope to be as helpful as possible in clarifying or answering questions about our request. Please contact me at FOIA@protectdemocracy.org or (202) 599-0466 if you require any additional information. We appreciate your cooperation, and look forward to hearing from you very soon.

Sincerely,

Ben Berwick

2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006
ben.berwick@protectdemocracy.org

Counsel
The Protect Democracy Project

# Exhibit B



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  101419
1 May 2017

BEN BERWICK
THE PROTECT DEMOCRACY PROJECT
2020 PENNSYLVANIA AVENUE NW 163
WASHINGTON DC  20006

Dear Mr. Berwick:

This is an initial response to your Freedom of Information Act (FOIA) request dated 21 April 2017, which was received by this office on 24 April 2017, for:

1. All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the National Security Agency and the Executive Office of the President regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016;

2. All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to talking points or other communications with the public or the media regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016;

3. All records, including but not limited to emails, notes, and memoranda, reflecting, discussing, or otherwise relating to communications between the National Security Agency and the House Permanent Select Committee on Intelligence (HPSCI) and/or the Senate Select Committee on Intelligence (SSCI), and/or Representative Devin Nunes, Representative Adam Schiff, Senator Richard Burr, Senate Mark Warner, and/or any other members or staff of HPSCI or SSCI, regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016;

4. All calendars, agendas, manifests, schedules, notes, lists of attendees, or other records reflecting or relating to meetings regarding contacts between individuals connected with the Russian government and individuals connected with the Trump campaign or the Trump

FOIA Case: 101419

administration, and/or Russian involvement with, or attempts to influence or interfere with, the national election of November 2016;

5. In addition to the records requested above, we also request records describing the processing of this request, including records sufficient to identify search terms used and locations and custodians searched, and any tracking sheets used to track the processing of this request. If your agency uses FOIA questionnaires or certifications completed by individual custodians or components to determine whether they possess responsive materials or to describe how they conducted searches, we also request any such records prepared in connection with the processing of this request.

The timeframe for this request is July 1, 2016 through the date that searches are conducted for records responsive to this FOIA request.

This letter acknowledges that we have received your request and provides some administrative information. Your request has been assigned Case Number 101419. Due to a significant increase in the number of requests received by this Agency, we are experiencing delays in processing.

We will begin to process your request and will respond to you again as soon as we are able. Once we have completed a thorough review of your request, we will contact you should we require further clarification of your request. Until further processing is done, we do not know if there will be assessable fees. Therefore, we have not addressed your fee category or your request for a fee waiver at this time.

Correspondence related to your request should include the case number assigned to your request, which is included in the second paragraph of this letter. Your letter should be addressed to National Security Agency, FOIA Office (P132), 9800 Savage Road STE 6932, Ft. George G. Meade, MD 20755-6932 or may be sent by facsimile to 443-479-3612. If sent by fax, it should be marked for the attention of the FOIA office. The telephone number of the FOIA office is 301-688-6527.

Sincerely,

David V.

FOIA Customer Representative

# Exhibit C



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case: 101419A
20 December 2017

Ben Berwick
The Protect Democracy Project
2020 Pennsylvania Avenue NW 163
Washington, DC 20006

Re:    *The Protect Democracy Project v. NSA, et al.*, 17-cv-1000 (DDC) (CKK)

Dear Mr. Berwick

I write on behalf of the National Security Agency ("NSA" or the "Agency") in response to your Freedom of Information Act ("FOIA") request dated 21 April 2017 and further to the Court's Order of 4 December 2017 in the above-referenced case (the "Action").

Your request, as narrowed by the parties' Joint Status Report of 25 October (Dkt. No. 16) in the Action, is being processed under the FOIA. In accordance with the Court's Order, enclosed are non-exempt portions of one responsive record. This document is Bates stamped 17-cv-1000-NSA000001.

Certain FOIA-exempt information has been withheld from the enclosure. Specifically, as indicated on the enclosed document, NSA is withholding material pursuant to Exemption 3 of the FOIA, which provides for the protection of information specifically safeguarded from disclosure by statute. (5 U.S.C. 552(b)(3)) Applicable here is Section 6 of the National Security Agency Act, Public Law 86-36 (50 U.S.C. 3605), which provides that notwithstanding any other law, including the FOIA, NSA may not be compelled to disclose information with respect to its organization, function, or activities. After determining that such information exists in this document, we have withheld it accordingly.

Please be advised that we continue to process your request, and the review of additional documents related to your request is ongoing. Any non-exempt, responsive materials will be provided to you as they are completed in accordance with the schedule ordered in the Action.

Sincerely,

JOHN R. CHAPMAN
Chief, FOIA/PA Office
NSA Initial Denial Authority

**From:** Automated Mass Mailer
**To:** Agency All 2.0 (alias)
**Subject:** (U//FOUO) ENTIRE ENTERPRISE: Unclassified IC Report on Russian Activities Available
**Date:** Friday, January 06, 2017 5:02:09 PM

Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY

(U//FOUO) From the Desk of Trumbull D. Soule, Director of Legislative, State, and Local Affairs

(U//FOUO) Yesterday, ADM Rogers joined Director of National Intelligence (DNI) James Clapper, and Undersecretary of Defense for Intelligence Marcel Lettre, in briefing the Senate Armed Services Committee on foreign cyber threats. Not surprisingly, a good many of the questions from the senators were related to the accusations of Russian attempts to interfere in the recent presidential election.

(U//FOUO) As these allegations first arose, the White House directed the Intelligence Community to investigate and report their findings. President Obama received the report on Thursday, 5 January 2017, and intelligence officials briefed President-elect Trump today, Friday, 6 January 2017. During yesterday's testimony, DNI Clapper noted that an unclassified version of the report would be released to the public, and it is now available on the DNI's Tumblr page "IC on the Record." The same report is available at the below link. Additional hearings on this issue will take place in coming weeks.

```
┌─────────────────────────────────────────┐
│                                         │ ---------------- (b) (3) - P.L. 86-36
└─────────────────────────────────────────┘
```

(U//FOUO) While employees are free to discuss information that is contained in this unclassified report, it is important to remember that this is a highly sensitive issue that has been informed by some of NSA's most critical capabilities. Our continued success in this area depends on our ability to maintain ongoing access to this type of data, so I ask each of you not to speculate on or discuss the sources and methods that informed this report. And as always, should you be approached by any member of the media seeking information, please refer them to the NSA Public Affairs Office at mediarelations@nsa.gov or at 301-688-6524.

(U//FOUO) Release Authority: Public Affairs Office, P21
(U//FOUO) POC for Message: DN1 [                    ]  ---------------- (b) (3) - P.L. 86-36
(U//FOUO) Content Approval for Message: Trumbull Soule
(U//FOUO) Distro: ENTIRE ENTERPRISE

Classification: UNCLASSIFIED//FOR OFFICIAL USE ONLY

17-cv-1000-NSA000001

Approved for Release by NSA on 12-19-2017, FOIA Case # 101419 (Litigation)

**Exhibit D**



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G MEADE. MARYLAND 20755-6000

FOIA Case:  101419B
20 March 2018

BEN BERWICK
THE PROTECT DEMOCRACY PROJECT
2020 PENNSYLVANIA AVENUE NW 163
WASHINGTON, DC  20006

Re:    *The Protect Democracy Project v. NSA, et al.,* 17-cv-1000
(DDC) (CKK)

Dear Mr. Berwick:

I write on behalf of the National Security Agency ("NSA" or the "Agency")
in response to your Freedom of Information Act ("FOIA") request dated 21 April
2017 and your e-mail correspondence of 19 January 2018.  Your original FOIA
request of 21 April 2017 was assigned Case Number 101419 and is the subject
of the above-referenced action (the "Action").

In your correspondence of 19 January 2018 you stated that the Agency
may "fully comply with the pending FOIA request by locating and processing
any memoranda (and, as noted below, associated documents) written by senior
NSA officials documenting a conversation between White House personnel,
including the President, and NSA senior officials, including Adm. Rogers, in
which the White House asked the NSA to publicly dispute any suggestion of
collusion between Russia and the Trump campaign."  Citing news reports in
May and June of 2017, you specifically requested that "NSA promptly locate
and process any records documenting or referencing any such phone call
between the President (or senior advisers) and Adm. Rogers (or senior advisers).
This includes, but is not limited to, the above-referenced memoranda; any
communications forwarding, responding to, or discussing that memoranda; or
any other document describing any conversations in which White House
officials asked NSA officials to publicly dispute the suggestion of any collusion
between Russia or Russian nationals and the Trump campaign."

NSA agrees to the modification of your original FOIA request as specified
in your correspondence of 19 January ("Second Amended Request").
Specifically, the FOIA request at issue in the Action will now be considered by
NSA to seek only the records detailed in that email correspondence,
supplanting the four categories in your original request (as amended by the
parties' Joint Status Report of 25 October (Dkt. No. 16)).

FOIA Case: 101419B

NSA collects and provides intelligence derived from foreign communications to policymakers, military commanders, and law enforcement officials. We do this to help these individuals protect the security of the United States, its allies, and their citizens from threats such as terrorism, weapons of mass destruction, foreign espionage, international organized crime, and other hostile activities.

NSA has determined that the fact of the existence or non-existence of the materials you request is protected from disclosure by statute. An affirmative or negative response to the Second Amended Request would reveal information concerning NSA's core mission, function, and activities that is exempt from disclosure pursuant to the third exemption of the FOIA, which provides for the withholding of information specifically protected from disclosure by statute. The specific statute applicable in this case is Section 6, Public Law 86-36 (50 U.S. Code 3605), a statutory privilege unique to NSA, which protects from disclosure information concerning these very core functions and activities. Thus, your Second Amended Request is denied because the fact of the existence or non-existence of the information sought is exempted from disclosure pursuant to the third exemption.

While your Second Amended Request states that "[i]f NSA determines that any documents responsive to this proposed narrowing of the FOIA request are exempt from disclosure under FOIA, it would then produce an appropriate *Vaughn* Index, which the parties can use to brief the propriety of any NSA withholdings . . . ," NSA is instead asserting the above *Glomar* response[1] to your Second Amended Request.

The Agency, through counsel, is available to discuss its response to the Second Amended Request.

Sincerely,

JOHN R. CHAPMAN
Chief, FOIA/PA Office
NSA Initial Denial Authority

---

[1] A decision neither to confirm nor deny the existence of information requested pursuant to the FOIA is commonly known as a "Glomar" response in reference to the subject of a FOIA request for records pertaining to a ship, the "Hughes Glomar Explorer." *See Phillipi v. Cent. Intelligence Agency*, 546 F.2d 1009 (D.C. Cir. 1976).